**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK WALTERS,**<br>Plaintiff,<br><br>v.<br><br>**ENTERPRISE MOBILITY, INC.**<br>(f/k/a Enterprise Holdings, Inc.),<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ____________________<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Mark Walters, appearing pro se, brings this Complaint against Defendant Enterprise Mobility, Inc. (formerly known as Enterprise Holdings, Inc.), and in support thereof alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for defamation, defamation per se, negligence and negligent maintenance of records, and violations of the Texas Deceptive Trade Practices–Consumer Protection Act arising from Defendant's false attribution to Plaintiff of a 2018 act of property destruction that Plaintiff did not commit, and from Defendant's continued maintenance of that false record in its internal "Do Not Rent" system after receiving actual notice of the error.

2. As a direct result of Defendant's false record, Plaintiff—who had lawfully prepaid for a rental vehicle—was publicly denied service at the rental counter, has been barred from renting from Defendant and its affiliated brands, and has suffered injury to his reputation and economic harm. Despite Plaintiff's repeated requests and Defendant's own representative's acknowledgment that the record was likely the product of identity theft, Defendant failed to investigate or correct the record.

## THE PARTIES

3. Plaintiff Mark Walters is an individual and a citizen of the State of Texas, residing in Midland County, Texas.

4. Defendant Enterprise Mobility, Inc. (f/k/a Enterprise Holdings, Inc.) is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at 600 Corporate Park Drive, St. Louis, Missouri 63105. Defendant is therefore a citizen of the State of Missouri. Defendant operates and licenses vehicle-rental services in Texas and nationwide under the Enterprise Rent-A-Car, Alamo, and National brands, including the location at 4310 W. Wall Street, Midland, Texas 79703.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under *28 U.S.C. § 1332(a)* because this action is between citizens of different States—Plaintiff being a citizen of Texas and Defendant a citizen of Missouri—and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The amount in controversy is satisfied because Plaintiff seeks, among other relief, presumed and general damages for defamation per se, actual and economic damages, damages for mental anguish, exemplary (punitive) damages, and trebled economic damages under the Texas Deceptive Trade Practices Act, which in the aggregate exceed $75,000.

7. This Court has personal jurisdiction over Defendant because Defendant is at home in and maintains its principal place of business in this District, and because the acts and omissions giving rise to this action were undertaken and directed by Defendant from this District.

8. Venue is proper in this District under *28 U.S.C. § 1391(b)(1)* because Defendant resides in this District. Venue is proper in the Eastern Division because Defendant's principal place of business is located in St. Louis County, Missouri.

## GOVERNING LAW

9. A federal court sitting in diversity applies the choice-of-law rules of the forum State. Missouri applies the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. Texas has the most significant relationship to the claims alleged herein: Plaintiff is domiciled in Texas; the publication and denial of service occurred in Texas; and Plaintiff's reputational and economic injuries were suffered in Texas. Accordingly, the substantive law of the State of Texas governs Plaintiff's claims.

## FACTUAL ALLEGATIONS

10. On June 2, 2026, Plaintiff made a prepaid reservation through Priceline.com for a one-day vehicle rental through Enterprise Rent-A-Car at 4310 W. Wall Street, Midland, Texas 79703.

11. On the morning of June 3, 2026, at approximately 7:45 a.m., Plaintiff arrived at the Enterprise location to take possession of the rental vehicle.

12. At the rental counter, and for the first time, Plaintiff was informed by Defendant's employee that Plaintiff had been placed on Defendant's internal "Do Not Rent" list. Plaintiff had never previously received any notice, correspondence, or communication from Defendant or any affiliate indicating that any such designation existed, or that Plaintiff had been accused of, implicated in, or held responsible for any incident at any Enterprise location.

13. Defendant's employee at the Midland location provided Plaintiff with the telephone number for Defendant's Risk Management department in Austin, Texas.

14. Plaintiff immediately contacted the Risk Management department and, during a conversation of approximately fifteen minutes, was informed by Defendant's representative that the basis for the "Do Not Rent" designation was an alleged 2018 incident in which an unidentified individual broke a glass door at an Enterprise location in Austin, Texas, and that this incident had been attributed to Plaintiff.

15. The attribution is false. Plaintiff has never broken a glass door at any Enterprise location, at any business, or at any other location, and unequivocally denies any involvement in any such incident.

16. During the same conversation, a critical fact emerged: at or about the time of the alleged 2018 incident, Plaintiff's wallet had been stolen. The stolen wallet contained Plaintiff's Texas driver's license, credit cards, and cash—the precise documents a person would need to present to rent a vehicle from, or gain entry to, an Enterprise location.

17. Defendant's Risk Management representative acknowledged the connection between the wallet theft and the alleged incident, specifically identified the timing overlap, and represented that the department would (a) obtain the police reports relating to both the alleged 2018 incident and the theft of Plaintiff's wallet, and (b) follow up with Plaintiff upon completion of its review.

18. Defendant never completed the promised investigation and never followed up with Plaintiff. More than two weeks after the June 3 denial, Plaintiff had received no communication from Defendant's Risk Management department, despite Plaintiff leaving two voicemail messages requesting a return call.

19. On June 11, 2026, Plaintiff mailed a letter to Defendant's President and Chief Executive Officer requesting executive intervention. That letter went unanswered.

20. On June 17, 2026, Plaintiff sent a formal written demand to Defendant's President and Chief Executive Officer, served by certified mail, return receipt requested, placing Defendant on notice of the claims asserted herein and demanding investigation, removal from the "Do Not Rent" system, and correction of records by July 1, 2026. Defendant failed to respond or to provide the requested written confirmation.

21. It is self-evident that the person who broke the glass door at an Enterprise location in Austin in 2018—if such an incident occurred—was an individual in possession of Plaintiff's stolen identification, and not Plaintiff. Defendant's failure to act upon the very information its own representative identified as exculpatory was not a mere oversight but a reckless disregard for the truth.

22. As a direct and proximate result of Defendant's conduct, Plaintiff was denied rental services for which he had prepaid, has been and remains unable to obtain rental transportation from Defendant and its affiliated brands (including Alamo and National), and has suffered injury to his reputation, economic loss, and mental anguish.

**COUNT I**

***Defamation (Libel)***

23. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

24. Under Texas law, libel is a defamation expressed in written or other graphic form that tends to injure a living person's reputation, to expose the person to public hatred, contempt, or ridicule, or to cause financial injury. *Tex. Civ. Prac. & Rem. Code § 73.001*. A defamation plaintiff must establish (1) the publication of a false statement of fact; (2) that was defamatory concerning the plaintiff; (3) made with the requisite degree of fault; and (4) damages.

25. Defendant's internal records falsely state or imply that Plaintiff committed an act of property destruction—specifically, breaking a glass door—at an Enterprise location in 2018. That statement is false.

26. Defendant published the false statement by recording it in its systems and communicating it to at least one Enterprise employee at the Midland location, who in turn communicated it to Plaintiff at the rental counter. Communication of a defamatory statement to even one person other than the person defamed constitutes actionable publication under Texas law.

27. Defendant acted with the requisite degree of fault. At a minimum, Defendant was negligent as to the truth or falsity of the statement when it created and maintained the record. After June 3, 2026, when Defendant received actual, direct notice that the attribution was probably the product of identity theft, Defendant's continued maintenance of the false statement—coupled with its failure to investigate or respond—constituted reckless disregard for the truth.

28. As a direct and proximate result of Defendant's publication, Plaintiff has suffered injury to his reputation, economic loss, and mental anguish, for which Plaintiff sues.

## COUNT II

### *Defamation Per Se*

29. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

30. Statements that falsely impute the commission of a crime, or that tend to injure a person in his business, trade, profession, or occupation, are defamatory per se under Texas law and are actionable without proof of special damages.

31. Defendant's false attribution to Plaintiff of an act of property destruction imputes criminal conduct to Plaintiff and directly injures Plaintiff's ability to obtain rental-transportation

services—a basic necessity for business and personal travel—from Defendant and all affiliated brands, including Alamo and National.

32. Because Defendant's statement is defamatory per se, damages to Plaintiff's reputation are presumed. Plaintiff is entitled to recover general and presumed damages, in addition to the actual damages he has sustained.

## COUNT III

### *Negligence and Negligent Maintenance of Records*

33. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

34. Under Texas law, the elements of negligence are (1) a legal duty; (2) breach of that duty; (3) causation; and (4) damages.

35. Defendant owed Plaintiff a duty of reasonable care in creating and maintaining the accuracy of its internal records, including its "Do Not Rent" list.

36. Defendant breached that duty by creating and systematically maintaining an inaccurate record that attributed another person's conduct to Plaintiff, and by denying Plaintiff services he had prepaid. Defendant further breached its duty when, after being placed on actual notice on June 3, 2026 that the 2018 incident likely involved a person using Plaintiff's stolen identity, it failed to complete the investigation it expressly promised, failed to follow up with Plaintiff, and continued to maintain the false designation without correction.

37. Defendant's breaches proximately caused Plaintiff's damages, including the denial of prepaid services, ongoing denial of rental services, reputational harm, economic loss, and mental anguish, for which Plaintiff sues.

## COUNT IV

***Texas Deceptive Trade Practices–Consumer Protection Act***

***(Tex. Bus. & Com. Code § 17.41 et seq.)***

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39. Plaintiff is a "consumer" within the meaning of *Tex. Bus. & Com. Code § 17.45(4)* because he sought and prepaid for rental services from Defendant.

40. Defendant's maintenance of false records attributing another person's conduct to Plaintiff, and its consequent denial of services Plaintiff had lawfully purchased, constitute false, misleading, or deceptive acts or practices in the conduct of trade or commerce in violation of *Tex. Bus. & Com. Code § 17.46(b)*.

41. Defendant's failure to disclose the existence of the "Do Not Rent" designation before accepting Plaintiff's prepaid reservation, and its failure to correct the designation upon notice, further constitute an unconscionable action or course of action within the meaning of *Tex. Bus. & Com. Code § 17.45(5)*.

42. Defendant's deceptive and unconscionable conduct was a producing cause of Plaintiff's economic damages. Plaintiff is entitled to recover economic damages and, because Defendant's conduct was committed knowingly or intentionally, up to three times his economic damages, together with court costs and reasonable and necessary attorney's fees to the extent recoverable, under *Tex. Bus. & Com. Code §§ 17.50(b)* and *17.50(d)*.

43. Plaintiff satisfied the pre-suit notice requirement of *Tex. Bus. & Com. Code § 17.505(a)*. Plaintiff first raised this matter with Defendant on June 3, 2026, and provided detailed written notice of his complaint and the amount of his claim by his letters of June 11 and June 17,

2026. More than sixty days have elapsed since that notice, and Defendant has failed to cure or respond.

## EXEMPLARY DAMAGES

44. Defendant's continued maintenance of the false "Do Not Rent" designation after receiving actual, direct notice of its probable falsity on June 3, 2026—and its complete failure to investigate or respond despite its own representative's promises, Plaintiff's two follow-up voicemails, and two written letters to Defendant's chief executive—constitutes, at a minimum, reckless disregard for the truth and gross negligence. Reckless disregard for the truth is evidence of actual malice. Plaintiff is therefore entitled to exemplary damages under *Tex. Civ. Prac. & Rem. Code § 41.003*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark Walters respectfully requests that this Court enter judgment in his favor and against Defendant, and grant the following relief:

a. Actual, economic, and consequential damages in an amount to be proven at trial;

b. General and presumed damages for defamation and defamation per se;

c. Damages for past and future mental anguish;

d. Exemplary (punitive) damages under *Tex. Civ. Prac. & Rem. Code § 41.003*;

e. Economic damages under the Texas Deceptive Trade Practices Act, and up to three times such damages for Defendant's knowing or intentional conduct, under *Tex. Bus. & Com. Code § 17.50(b)*;

f. Permanent injunctive relief ordering Defendant to remove Plaintiff's name, driver's license number, and all personally identifying information from its "Do Not Rent"

system and all affiliated brand systems (including Alamo and National), and to correct any internal records that falsely attribute the 2018 incident to Plaintiff;

g. Pre-judgment and post-judgment interest at the maximum lawful rates;

h. Costs of court and reasonable and necessary attorney's fees to the extent recoverable, including under *Tex. Bus. & Com. Code § 17.50(d)*; and

i. Such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

**DEMAND FOR JURY TRIAL**

Pursuant to *Rule 38(b)* of the *Federal Rules of Civil Procedure*, Plaintiff demands a trial by jury on all issues so triable.

Dated: August 9, 2026.

Respectfully submitted,

Mark Walters

**Mark Walters**
Plaintiff Pro Se
P.O. Box 80982
Midland, Texas 79707
Telephone: (512) 789-5663
Email: terrapinconsulting@proton.me